21-6545
Singh v. Garland

BIA
Zagzoug, IJ
A200 957 189

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

**KULWINDER SINGH,**
> *Petitioner,*

v.                                                                      **21-6545-ag**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONER:** | Anas J. Ahmed, Esq., Pannun The Firm, P.C., Jackson Heights, NY. |
| **FOR RESPONDENT:** | Brian Boynton, Principal Deputy Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Sanya Sarich Kerksiek, |

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kulwinder Singh, a native and citizen of India, seeks review of a September 17, 2021, decision of the BIA affirming a December 11, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Kulwinder Singh,* No. A200 957 189 (B.I.A. Sept. 17, 2021), *aff'g* No. A200 957 189 (Immigr. Ct. N.Y.C. Dec. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007). "We review the agency's findings, including credibility findings, for substantial evidence, treating the agency's findings as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. (quotation marks and citations omitted).

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any

2

inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. §1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling. " *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Singh alleged that he had been attacked twice by Congress Party members in 2010 because he was a member of a different party, and that one of the beatings had required hospitalization. He further alleged that he and his family had been persecuted in the past and feared future persecution by Hindu fundamentalists because of their conversion to Christianity. The IJ found that Singh's allegations were not credible. Substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies in Singh's own testimony, and between his testimony and the documentary evidence. *See* 8 U.S.C. §1158(b)(1)(B)(iii). Singh's testimony and evidence were inconsistent about when he married (1992 or 2012) and when the marriage was registered (2012 or 2017). While Singh explained that rural marriages in India are not always registered, that did not address the discrepancy as to when the marriage itself occurred. Likewise, Singh testified that his wife was born in 1974, and their marriage certificate confirmed that, but his wife's own affidavit and her baptismal certificate both listed her birthdate as being in 1975. His only explanation for this inconsistency was that his wife might have made a mistake about her own birthdate.

3

These explanations were insufficient. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation and quotation marks omitted)).

In addition, the evidence was inconsistent about Singh's practice of Christianity. He testified that he converted to Christianity in 2009, but he listed his religion as Sikh on his initial asylum application in 2012. Singh further testified that he *began* attending a Christian church in India in December 2009, but a letter from that church in India, provided by Singh, stated that he attended *until* 2009. When confronted with this inconsistency, Singh asserted that he had actually started attending the church in 2002, and that he stopped attending in 2010. Upon further questioning, he insisted that the letter could not say he stopped attending the church in 2009 and asserted that his family still attends that church.

The IJ also reasonably concluded that Singh "failed to answer questions in a responsive manner." Certified Administrative Record ("CAR") at 79. For example, when asked how his political party felt about his conversion to Christianity, Singh talked about how his son took people on his motorcycle to be converted. He offered confusing and conflicting testimony about his travel to China and Hong Kong in 2002 and 2007. And the IJ noted that Singh "muttered" through his testimony regarding a lawsuit he joined in the United States, brought by a Sikh organization against a Hindu fundamentalist group. CAR at 82. We give "particular deference" to adverse credibility findings "that are based on the adjudicator's observation of the applicant's demeanor," because the IJ is "in the best

4

position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (citation and quotation marks omitted). The agency's assessment of Singh's testimony was adequately supported by the record.

The agency also did not err in concluding that Singh failed to rehabilitate his claims with documentary evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As noted above, the letter from a church in India was inconsistent with Singh's testimony. Moreover, a letter and testimony from a pastor in the United States did not fully align with Singh's testimony, and Singh's wife's 2017 affidavit did not corroborate threats received between 2015 and 2017. Singh argues that the IJ was required to identify specific evidence that Singh should have presented, but such a step is required only where an IJ is denying relief based on lack of corroboration of *otherwise credible* testimony, and an asylum applicant "bears the ultimate burden of introducing such evidence without prompting from the IJ." *Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) (citation and quotation marks omitted).

In sum, the inconsistencies in the evidence, the IJ's demeanor finding, and the lack of reliable corroboration constitute substantial evidence supporting the agency's adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020)

("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *see also Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6